UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

      -against-

DARRYL PATRICK,

                Defendant.

------------------------------------X

99 Cr. 338-08 (RWS)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/11

**Sweet, D.J.**


      Defendant Darryl Patrick ("Patrick" or the "Defendant") has moved pro se for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent retroactive effect of amendments to the Sentencing Guidelines for offenses involving crack cocaine. For the reasons set forth below, Patrick's motion is granted and the term of his incarceration is reduced to 151 months.


**Prior Proceedings**


      On May 1, 2001, Patrick pleaded guilty to one count of conspiracy to distribute and possess with intent

to distribute more than 500 grams but less than 1.5 kilograms of crack cocaine in violation of 21 U.S.C. §§ 846, 841(b)(1)(C).

On April 18, 2002, Patrick was sentenced to 235 months' imprisonment and 3 years' supervised release, and was required to pay a special assessment of $100. United States v. Patrick, No. 99 Cr. 338 (RWS), 2002 WL 655163, at *1 (S.D.N.Y. Apr. 19, 2002). This sentence was at the bottom of the Guidelines range of 235 to 240 months, which was calculated based on an adjusted total offense level of 33 and a Criminal History Category of VI, and in light of the maximum term of imprisonment by statute. While the parties agreed that the Defendant was a career offender, his offense level was calculated under the narcotics guideline, § 2D1.1, because it yielded a higher offense level than the career offender guideline found in § 4B1.1.

On December 8, 2008, pursuant to the 2007 amendments to the Sentencing Guidelines related to crack cocaine, which were made retroactive effective March 3, 2008, Patrick's sentence was reduced from 235 months' to 188 months' imprisonment. This was calculated from an amended base offense level of 34 with a three point

2

reduction for acceptance of responsibility and a Criminal History Category of VI.

In response to the instant motion, the Government has submitted that the Defendant is eligible for a reduction in sentence to 151 to 188 months' imprisonment and that it does not object to a reduction to a term within that range.

Patrick's current projected release date is May 3, 2014.

**Discussion**

Applying the amended Guidelines, Patrick's offense level is 32, as he was responsible for at least 500 grams of crack cocaine, pursuant to Guideline § 2D.1.1(c)(4). After a three-level reduction for acceptance of responsibility, his adjusted offense level is 29. With a Criminal History Category of VI, the resulting applicable Guidelines range is 151 to 188 months' imprisonment.

Pursuant to § 1B.1.10(a), in determining whether and to what extent a sentence reduction is warranted under

3

the amended Guidelines, the Court must consider the nature and seriousness of any danger to any person or to the community that may be posed by such a reduction to the Defendant's term of imprisonment.    See § 1B.1.10, Application Note 1(B)(ii).   The court may also take into account the Defendant's post-sentencing conduct, pursuant to § 1B.1.10, Application Note 1(B)(iii).    Here, the Defendant was not charged with or convicted of any violent or firearms-related offenses.   The offense conduct involved the supervision of the sale of crack cocaine.    Since entering prison, the Defendant received his GED and successfully participated in several training programs as well as a drug rehabilitation program.    According to the Government, upon review of the Defendant's disciplinary record while in the Bureau of Prisons' custody, Patrick does not have any significant disciplinary issues that counsel against granting a sentence reduction.

At the original sentencing in this matter, the Court found that a sentence at the bottom of the Guidelines range was "'sufficient, but not greater than necessary' to accomplish the goals of sentencing."   Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C.

4

§ 3553(a)).  Accordingly, a reduction of Patrick's term of imprisonment to 151 months is appropriate.


**Conclusion**


      For the reasons set forth above, Patrick's motion for a reduction in his sentence is granted and the term of his imprisonment is reduced to 151 months.


      It is so ordered.

**New York, NY**
**November   , 2011**

                       ROBERT W. SWEET
                          U.S.D.J.